IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA    )
                            )
      v.                    ) Criminal No. 05-14
                            )
SARAH E. COFIELD            )
```

MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Defendant Sarah E. Cofield ("defendant") was charged in a four-count indictment with mail fraud in violation of 18 U.S.C. §1341 in connection with an alleged scheme to defraud and to obtain supplemental security income benefit payments from the Social Security Administration. Defendant has filed a number of pretrial motions, and the government has responded thereto. For the reasons set forth herein, defendant's motions will be granted in part and denied in part.

Request to Make Additional Pretrial Motions (Document No. 15)

Defendant has requested that the court enter an order permitting her to file additional pretrial motions if issues arise during trial preparation or at trial. The government has responded that it opposes defendant's request, and in turn requests that she be required to file motions within the time periods set forth in the rules of criminal procedure.

The court will grant defendant's request to the extent that

she may file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in this case.

Motion for Disclosure of Exculpatory Evidence (Document No. 16)

Defendant has moved for disclosure of exculpatory evidence pursuant to Brady v. Maryland with regard to the charges against her. The government has responded that it is not aware of any Brady material, whether of a substantive or impeachment nature, related to the charges against defendant. If it becomes aware of any substantive Brady material, the government states that it will provide it promptly to defendant. If any Brady impeachment material becomes available, the government states that it will disclose that material to defendant at the time of its Jencks production, which the government suggests is appropriate on the day a particular witness testifies at trial. See Government's Response (Document No. 21) at 6-7.

It is well settled that the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963), require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). As stated, the government asserts that it is not aware of any exculpatory Brady evidence in this case. To

the extent the government becomes aware of any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith.

In regard to possible impeachment evidence under Brady, the government requests that it be permitted to provide defendant with any such information that becomes available when it supplies Jencks Act material, which the government suggests should be provided the day a particular witness testifies. The Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6 and citing cases). "The district court may dictate by court order when Brady material must be disclosed, and absent an abuse of discretion, the government must abide by that order." Starusko, 729 F.2d at 261. Given the nature of this case, to the extent any Brady impeachment material becomes available, it appears that disclosure of such information one week prior to trial is sufficient to protect defendant's due process rights and ensure that trial delay is avoided. Accordingly, an order will be entered to that effect.

### Motion for Preservation and Production of Agents' Rough Notes and Reports of Interviews (Document No. 18)

Defendant has moved for an order requiring the government to preserve all rough notes and drafts of reports generated by

3

government agents during the investigation of this case. The government's response indicates that it is aware of its obligation to retain these materials pursuant to United States v. Ramos, 27 F.3d 65 (3d Cir. 1994), Ammar v. United States, 714 F.2d 238 (3d Cir. 1983) and United States v. Vella, 562 F.2d 275 (3d Cir. 1977). The government states that it does not oppose the granting of defendant's motion, thus an order will be entered granting the motion.

An appropriate order will follow.

O R D E R

AND NOW, this 22nd day of August, 2005, for the reasons set forth in the memorandum filed this day, IT IS ORDERED as follows:

1) Defendant's Request to Make Additional Pretrial Motions (Document No. 15) be, and the same hereby is, **GRANTED** to the extent that she may file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in this case;

2) Defendant's Motion for Disclosure of Exculpatory Evidence (Document No. 16) be, and the same hereby is, **DENIED AS MOOT** as the government has represented that it is not aware of any Brady material in this case. To the extent the government becomes aware of any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith. To the extent the government becomes aware of any Brady impeachment material, that information shall be provided to defendant one week prior to trial; and,

3) Defendant's Motion for Preservation and Production of

AO 72A
(Rev.8/82)

Agents' Rough Notes and Reports of Interviews (Document No. 18) be, and the same hereby is, **GRANTED**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: August 22, 2005

cc:  Luke E. Dembosky
     Assistant U.S. Attorney

     J. Alan Johnson, Esq.
     Johnson & Eddy, LLC
     1720 Gulf Tower
     707 Grant Street
     Pittsburgh, PA 15219